Eastern District.
*May*, 1830.

*CHARDON* vs. *GUIMBLOTTE.*

CHARDON
*vs.*
GUIMBLOTTE.

| 1L  421|
|106  311|

An appeal lies from the release of a debtor on a writ of habeas corpus in a court action.

The sheriff having refused to discharge the defendant after the order of bail had been set aside, the latter applied for a *habeas corpus* and was brought up.   The sheriff showing no other cause for his detention, than the order of bail, (which had been set aside) the court ordered him to be enlarged, from which order an appeal was prayed for and refused.   The judge having made return to the rule taken on him to show cause why a *mandamus* should not issue commanding him to allow the appeal prayed for.

*Waggaman* and *Miller*, for plaintiff.

MARTIN J. delivered the opinion of the court.

A rule having been taken on the judge of the first district to show cause why a *mandamus* should not issue, commanding time to allow the plaintiff an appeal in this case, he made the following return, as follows.

" A rule was taken on the plaintiff to show cause why the order of bail, obtained

Eastern District
*May*, 1830.
[Chardon
*vs.*
Guimblotte.
in this suit, should not be set aside : upon hearing testimony, the court was satisfied that the facts in his affidavit were disproved, whereupon the order of bail was set aside. From this decree the plaintiff prayed an appeal which was allowed.

The defendant being in custody, and the sheriff declining to discharge him, a writ of *habeas corpus* was applied for, in favour of the former, and on his being brought before the judge, and the sheriff showing no cause for his detention but the order of bail that had been set aside, the prisoner was discharged. From the order of discharge the plaintiff prayed an appeal, which was refused; the judge being of opinion that an appeal does not lie from an order on a writ of *habeas corpus*, which is a writ which may issue at chambers, and of which there is no record: besides, is is considered as issuing from the court here and is not a civil proceeding.

An appeal lies, from the release of a debtor on a writ of *habeas corpus*, in a civil action.
The constitution having provided appeals in all civil cases, in which the matter in dispute exceeds in value the sum of three hundred dollars, it is clear a party has a right to an appeal from any decision (in

such a case) which works an irreparable injury; and if an appeal lies from a decree made in open court, where the judge has the benefit of counsel, *a fortiori* when an order is granted at chambers, *ex parte :* as that order may have as fatal a consequence as any other: as in the present case, when a defendant, in custody on a debt of fifty odd thousand dollars, is released *ex parte,'* and if there be no remedy, may instantly remove out of the state, and soon place himself beyond his creditors' reach.

On an application for a writ of *habeas corpus*, there must be an affidavit of the facts, a petition, an order thereon, a return and a decree. If these documents do not constitute a record, we are ignorant of what does, and we believe these documents ought to be filed in the office of the clerk of the court, the judge of which acts on the application.

The jurisdiction of this court being confined to civil cases, it would not entertain an appeal from a decree on a writ of *habeas corpus*, issued in a criminal case; and in Laverty's case, it declined acting on a writ issued in a *political* case, that of a native of Ireland, (during the war between the United States

and the king of the three United Kingdoms of England, Scotland and Ireland,) arrested by the marshal of the United States, to be sent into the interior of the country. In that case another consideration may have had an influence on the decision of the court : the prisoner was in custody, under the authority of the United States.

In the present case, the defendant was arrested in a civil case ; the plaintiff had interest to have his person arrested, for the security of a large claim. The order by which that of bail was set aside, worked to him an irreparable injury, and it enabled the defendant to remove beyond the limits of the state, and probably beyond his creditor's reach. The district court correctly allowed the appeal. This suspended the execution of the order setting the order of bail aside, and the sheriff very properly declined to set his prisoner at liberty. The writ of *habeas corpus* was properly granted, but in our opinion, the judge erred in liberating the defendant.

It is therefore ordered, adjudged and decreed, that the rule be made absolute.